IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

STEVEN LAVON MORGAN                                                                                        PLAINTIFF

       v.                               Civil No. 1:10-cv-01041

RICHARD McKINNEY, Parole
Officer, Arkansas Department of
Community Correction; TIM FORD,
Parole Officer, Arkansas Department of
Community Correction; and BRETT
JOHNSON, Parole Officer, Arkansas
Department of Community Correction                                                           DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Steven Lavon Morgan, currently an inmate of the Union County Criminal Justice Facility, submitted for filing in this district a *pro se* civil rights action under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2009), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## BACKGROUND

According to the allegations of the complaint, Plaintiff went to the parole office on January 22, 2010, at approximately 8:00 a.m. When he arrived, Plaintiff alleges Parole Officer Tim Ford went past him in the front office. Ford returned and told Plaintiff to go straight to Parole Officer Richard McKinney's office.

Once in McKinney's office, Plaintiff states he was told not to return to his Father's home located at 2079 Phelps Road in Strong, Arkansas. Plaintiff states he was detained until he was given an address to go to.

On May 3, 2010, Plaintiff alleges he was again detained this time by Parole Officer Brett Johnson. Plaintiff was told he could leave and to his home on Phelps Road.

Plaintiff asks for damages based on Defendants informing him that he could not go to his Father's home. As a result of the actions of the Department of Community Correction, Plaintiff states he has been cut out of two-thirds of his Father's million dollar estate.

## DISCUSSION

Plaintiff's seeks for damages against the officials of a state agency. Neither the State of Arkansas nor its agencies are subject to suit under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). Plaintiff's claims against the Defendants, who are employed by state agencies, are the equivalent of a suit against a state agency and Eleventh Amendment immunity precludes such claims. *See also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (1999)(Section 1983 suit could not be brought against state commissioners in their official capacities, because such suit was no different than a suit against the state itself). *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743-44 (8th Cir. 1998)(Eleventh Amendment immunity bars § 1983 lawsuit against state agency or state official in official capacity even if state entity is the moving force behind deprivation of federal rights).

Thus, the civil rights damages claims against the Department of Community Correction officials are barred either by sovereign immunity or because in their official capacities the individuals are not considered to be persons for purposes of the civil rights statutes. *See Murphy v. State of Arkansas*, 127 F.3d 750 (8th Cir. 1997). *See also Gean v. Hattaway*, 330 F.3d 758 (6th Cir. 2003)(Tennessee

Department of Children's Services was considered "the state" for purposes of § 1983 and officials of that department were not persons subject to suit under § 1983 when sued in their official capacities). This includes the claims against the three Defendants, Richard McKinney, Tim Ford, and Brett Johnson.

Next, to the extent Plaintiff asserts individual capacity claims against the parole officer Defendants, the claims are subject to dismissal. Parole officers are absolutely immune from suits challenging conduct intimately associated with the criminal judicial process. *Copus v. City of Edgerton,* 151 F.3d 646, 649 (7th Cir. 1998) (probation officers); *Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports); *Evans v. Dillahunty,* 711 F.2d 828, 831 (8th Cir. 1983)("parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity.).

## CONCLUSION

I therefore recommend that all claims be dismissed as the claims are frivolous, fail to state claims upon which relief may be granted, and assert claims against individuals immune from suit. 28 U.S.C. § 1915A(b). This dismissal will constitute a strike for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). The Clerk should be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of September 2010.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE